John D. DAVIS
v.
UNITED STATES STEEL
CORPORATION, et al.

James BROOKS
v.
UNITED STATES STEEL
CORPORATION, et al.

Civ. A. Nos. 79–4391, 79–4665.

United States District Court,
E. D. Pennsylvania.

Nov. 10, 1981.

Michael Churchill, Philadelphia, Pa., for plaintiff.

Henry Reath and Thomas Preston, Philadelphia, Pa., for U. S. Steel.

Julia Penny Clark, Washington, D. C., for Union.

## MEMORANDUM

NEWCOMER, District Judge.

Defendant United States Steel [1] moves for dismissal of plaintiffs' Title VII claims, arguing that the jurisdictional time limitations have run, and that this Court does not have subject matter jurisdiction.[2]

Plaintiff John Davis was employed by United States Steel ("USS") from March 1973 until September 1976. During that period, he alleges, USS discriminated against him because of his race.

Plaintiff James Brooks, who is still employed by USS, alleges that he was discriminated against on the basis of his race on two occasions, the last event occurring in May 1978. During the trial of *Dickerson, et al. v. United States Steel, et al.*, 439 F.Supp. 55 (E.D.Pa.1977), a class action involving similar claims, this Court concluded that plaintiffs had established *prima facie* cases of discrimination, but that a substantial question remained as to its capacity to decide individual claims after the similar class-wide claims had been dismissed. The Court of Appeals answered the certified question, *Dickerson v. United States Steel, et al.*, 582 F.2d 827 (3rd Cir. 1978), deciding that "an individual class member, who has not presented any evidence of having satisfied the jurisdictional prerequisites in his

---

1. Defendant United States Steelworkers Local 5030 has also moved to dismiss. Plaintiff does not oppose the motion, and it will be granted as to the Title VII claims against the union.

2. These cases have not been consolidated, but are considered together here because of the similar issues of law raised.

own name and who is not a named plaintiff in the class *may not* be entitled to relief for an individual claim of discrimination, if the classwide claim encompassing his individual claim on that issue is dismissed." *Id.* 834 (Emphasis in original).

The Court of Appeals decision was issued September 1, 1978, and the mandate was delivered to the District Court on November 13, 1978. A third party charge was filed with the EEOC on February 26, 1979, on behalf of 27 individuals. Among those named were James Brooks and John D. Davis. On April 6, 1979 Davis filed an individual charge. On August 20, 1979, the EEOC notified plaintiffs' counsel that it had sent a letter to the individuals named in the third party charge asking them to contact the EEOC for the preparation of individual charges. Apparently Davis contacted the EEOC, but the EEOC concluded that his claim was barred by the running of the agency's jurisdictional time limitations. As of August 20, 1979, James Brooks had "failed to follow through on the interview." Exhibit A to Plaintiff Brooks's Memorandum of Law. Brooks filed an individual claim with the EEOC on September 13, 1979.

The sole issue presented by these motions is the duration of the tolling of the jurisdictional time limitations for individual claims by the pendency of the class action with which the individual claims were initially combined.[3] USS argues that on September 1, 1978, when the Court of Appeals decided that the individual actions must be filed separately, the limitations clock began running again. Plaintiffs respond that the clock began running only when the mandate was entered in the District Court, and that the filing of the third party charge on February 26, 1979 represents a timely filing with the EEOC by each individual named in it. Plaintiffs further argue that tolling does not cease until judgment is entered in the class action, rendering appealable the order dismissing the class claims. In this last argument plaintiffs rely on an analogy to *United Airlines v. McDonald,* 432 U.S. 385, 97 S.Ct. 2464, 53 L.Ed.2d 423 (1974) and *Jiminez v. Weinberger,* 523 F.2d 689 (7th Cir. 1975) *cert. denied* 427 U.S. 912, 96 S.Ct. 3200, 49 L.Ed.2d 1204 (1976). In *McDonald* the Supreme Court held that a claimant, upon learning that a district court's order denying certification of a class would not be appealed by the named plaintiffs, should be permitted under 24 of the Federal Rules of Civil Procedure to intervene in order to pursue the appeal. The Court noted United Airlines's argument that the Title VII statute of limitations had run on the claimant's individual case, and that her motion to intervene was thus time-barred. The Court stated

> This argument might be persuasive if the [claimant] had sought to intervene in order to join the named plaintiffs in litigating the individual claim based on the illegality of United's no-marriage rule, for she then would have occupied the same position as the intervenors in American Pipe. But the later motion to intervene in this case was for a wholly different purpose. That purpose was to obtain appellate review of the District Court's order denying class action status in the [initial action]. . . .

435 U.S. at 392, 97 S.Ct. at 2468. In *McDonald,* as in *Dickerson,* success in the Court of Appeals would revive claimant's (here plaintiffs') class claims, for which the jurisdictional requirements were satisfied. *McDonald,* 435 U.S. at 392, 97 S.Ct. at 2468–69. The Supreme Court's reference to *American Pipe* is instructive. In *American Pipe and Construction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) the Court held that the commencement of a class action satisfies the timely filing requirement of a statute of limitations for "all those who might subsequently participate in the suit as well as for the named plaintiffs." *American Pipe,* 414 U.S. at 551, 94 S.Ct. at 765. The Court decided that

> the commencement of the class action in this case suspended the running of the

---

**3.** Plaintiffs argue, and USS does not strenuously deny that the filing of the class action in *Dickerson* tolled the running of the limitations for all "purported members of the class."

*American Pipe and Construction Co. v. Utah,* 414 U.S. 538, 553, 94 S.Ct. 756, 766, 38 L.Ed.2d 713 (1974).

limitation period only during the pendency of the motion to strip the suit of its class action character. The class suit . . . was filed with 11 days yet to run in the period as tolled . . ., and the intervenors thus had 11 days after the entry of the order denying them participation in the suit as class members in which to move for permission to intervene.

*American Pipe*, 414 U.S. at 561, 94 S.Ct. at 770. A fair reading of *American Pipe* and *McDonald*, and the clear ruling by the Court of Appeals in this circuit that an individual claimant must establish independent jurisdiction in his case, lead this Court to conclude that the tolling ceased on September 1, 1978, when the issue of this Court's capacity to hear the individual claims was decided. This conclusion is compelled not just by the cases, but by consideration of the statutory language. As noted, plaintiffs' class claims might still be revived if their dismissal is reversed on appeal, and they may rely on that prospect alone if they so choose. If they wish, however, to press individual claims, they must individually establish jurisdiction over their claims, and under Title VII timeliness is a component of jurisdiction.

■ Plaintiffs also argue that tolling should cease as of the date of the entry of the mandate in the District Court. The Court cannot accept this argument. The doctrine of tolling is one of fairness, and the plaintiffs were fairly on notice as of September 1, 1978 that they would be required separately to establish jurisdiction in their cases. The formality of the entry of the mandate is relevant where certiorari or stays of execution are sought, *see* F.R. App.P. 41(b), but where the running of a statute of limitations is suspended on the grounds of fairness and efficiency, notice of a new entry of judgment in the case is sufficient to cause the tolling to cease. *See* F.R.App.P. 36.

■ Having concluded that the tolling effect of the *Dickerson* litigation concluded on September 1, 1978, the Court must next decide whether plaintiffs filed timely charges within 180 days after that date.[4]

Section 706(e) of Title VII, 42 U.S.C. § 2000e–5(e) requires the filing of "a charge under this section" within 180 days "after the alleged unlawful practice occurred." The Court has little difficulty deciding that the third party charge filed February 26, 1979 is a "charge under this section." The section does not appear to distinguish between a charge filed by a person or a charge filed on his behalf by a third person, and both types of charges are accepted by the EEOC. 42 U.S.C. § 2000e–5(b); 29 C.F.R. § 1601–7 (1981). Although the EEOC subsequently required the filing of individual charges, the filing of plaintiffs' charges by a third party was clearly "[a] charge under this section." 42 U.S.C. § 2000e–5(e). Certainly the charge filed was a "written statement sufficiently precise to identify the parties and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). Because amendments to clarify or otherwise technically modify EEOC charges are related back "to the date the charge was first received," 29 C.F.R. § 1601.12(b), the Court concludes that the division of the third party charge into separate charges by the EEOC has no effect on their timeliness.

Having decided that the period of tolling ended on September 1, 1978, and that the appropriate charge was filed with the EEOC on February 26, 1979, which was 178 days later, it follows that the jurisdictional requirement of timely filing with the EEOC was met, and the Court will deny defendant USS's motions to dismiss.

4. Defendant USS appears to concede that the time limitation is 180 days after the entry of judgment in the Court of Appeals. The EEOC charge in *Dickerson* alleging class-wide discrimination was filed on October 27, 1981, *Dickerson* Complaint, Exhibit "A". The individual charges made in 1979 can be fairly considered "amendments alleging additional acts . . . related to or growing out of the original charge" that can be related back to the original EEOC charge. 29 C.F.R. § 1601.12 (1981). Thus no time elapsed between the filing of the original EEOC charge and the discriminatory acts complained of because the acts occurred, apparently, after the filing of the initial EEOC charge. Therefore, under Title VII, plaintiffs were entitled to the entire 180 day period.